IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES T. JORDAN, | ) | |
| AIS #124614, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-324-TMH |
| | ) | [WO] |
| | ) | |
| KATHY HOLT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by  James T. Jordan ["Jordan"], a state inmate, in which he challenges the constitutionality of his confinement pursuant to sentences imposed upon him in 1979 and 1980 by the Circuit Court of Cherokee County, Alabama and the Circuit Court of DeKalb County, Alabama.[1] This is the second such action filed by Jordan in which he challenges the constitutionality of his confinement on these sentences.  *See Jordan v. State of Alabama, et al.*, Case No. 2:10-CV-968-TMH-TFM (M.D. Ala. 2010).

In  the  instant  complaint,  Jordan  argues  he  is  improperly  incarcerated  on  the

---

[1] The evidentiary materials submitted by the plaintiff demonstrate  these sentences total seventeen (17) years of incarceration.  *Plaintiff's Attachment to Complaint (Inmate Summary Sheet) - Court Doc. No. 1-1* at 1.  These materials likewise establish Jordan was not incarcerated on these sentences from October 2, 1981 until February 21. 2007.  *Id.*

aforementioned Alabama sentences as he should have received credit for time served on these sentences during his incarceration within the Georgia Department of Corrections on separate sentences imposed by the State of Georgia because he sought extradition to Alabama for the purpose of facing a 1981 escape charge levied by the Circuit Court of Cherokee County, Alabama. *Plaintiff's Complaint - Court Doc. No. 1* at 3.[2]  Based on this flawed reasoning, Jordan maintains his Alabama sentences expired on December 3, 1996. Jordan seeks declaratory relief and his release from incarceration. *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

---

[2]Jordan acknowledges he removed himself from the custody of Cherokee County law enforcement officials on October 2, 1981, which resulted in his being charged with escape.  On October 9, 1981, "the plaintiff was arrested in Cobb County, Georgia" on additional criminal charges relative to various offenses committed in Georgia.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.  In his prior civil action, Jordan identified these charges as kidnapping and aggravated assault (3 counts).  *Jordan v. State of Alabama, et al.*, Case No. 2:10-CV-968-TMH-TFM - *Court Doc. No. 1-1* at 3.  The State of Georgia imposed convictions upon Jordan for these offenses for which he served twenty-five years in the custody of the Georgia Department of Corrections.  *Id*.  The documents filed herein demonstrate the Circuit Court of Cherokee County, Alabama dismissed the 1981 escape charge on September 29, 1989. *Plaintiff's Attachment to the Complaint - Court Doc. No. 1-1* at 4-5.  On February 21, 2007, Jordan was paroled by the State of Georgia and returned to the custody of the Alabama Department of Corrections to complete service of his 1979 and 1980 sentences from Cherokee and DeKalb counties.

[3]The court entered an order granting Jordan leave to proceed *in forma pauperis* in this cause of action. *Order of April 28, 2011 - Court Doc. No. 3*.  Consequently, Jordan must have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The claims presented by Jordan fail to set forth a proper basis on which relief may be granted and are therefore subject to dismissal on this ground. 28 U.S.C. § 1915(e)(2)(B)(ii).  However, it likewise appears the claims presented by Jordan are due to be dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) due to this court's dismissal of Jordan's previous civil action.  However, in light of the determination the claims provide no basis for relief at this time, the court will limit its dismissal to this basis.

## II. DISCUSSION

Jordan asserts he is improperly incarcerated on sentences imposed in 1979 and 1980 by the Circuit Court of Cherokee County, Alabama and DeKalb County, Alabama as these sentences have expired.[4]  Thus, the claims presented to this court go to the fundamental legality of the length of Jordan's current incarceration and, therefore, provide no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [made the basis of his current incarceration]." 512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was

---

[4]The state court records submitted by Jordan do not support his argument; instead, these documents refute Jordan's allegation regarding the expiration of his Alabama sentences.  Upon a thorough review of the records presented, it appears to this court that due to Jordan's escapes from custody while confined on the Alabama convictions and the fact the Alabama courts did not order the sentences imposed for such convictions to run concurrent with the Georgia sentences the challenged Alabama sentences will not expire until January of 2022.

due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus filed in accordance with the directives of 28 U.S.C. § 2254.  *Balisok*, 520 U.S. at 645.   Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id.* at 649.

Jordan challenges the constitutionality of his confinement with respect to the length of his current incarceration pursuant to sentences imposed upon him by the Circuit Court of Cherokee County, Alabama on December 3, 1979 and the Circuit Court of DeKalb County, Alabama on March 3, 1980.  *Plaintiff's Attachment to the Complaint (Inmate*

*Summary Sheet) - Court Doc. No. 1-1* at 1.  A judgment in favor of Jordan on this complaint

would necessarily imply the invalidity of the length of his incarceration.  It is clear from the

records of this court that the sentences and resulting confinement about which the plaintiff

complains have not been invalidated in an appropriate proceeding.  Consequently, the

instant collateral attack is prohibited and subject to summary dismissal in accordance with

the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S.

at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be dismissed without prejudice prior to service of process in accordance with the provisions

of 28 U.S.C. § 1915(e)(2)(B)(ii).  It is further

ORDERED that on or before May 20, 2011 the parties may file objections to this

Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 3rd day of May, 2011.


                        /s/Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES MAGISTRATE JUDGE